IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. HILE, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No.   19-271 |
| ANDREW M. SAUL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No.14) and denying Defendant's Motion for Summary Judgment. (ECF No. 18).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental insurance income benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Raymond Prybylski, held a hearing on December 4, 2017. (ECF No. 8-3). Plaintiff was represented at the hearing. *Id.* On February 1, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-24).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 14 and 18).  The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Impairments at Steps Two and Five

Plaintiff first argues that the ALJ erred when he did not find her impairments of migraine headaches, concussion/post-concussive symptoms, a cognitive disorder, and a left knee disorder to be severe under step two of the analysis. (ECF No. 15, pp. 15-17). Plaintiff further argues that the residual functional capacity (RFC)[2] at step five is not based on substantial evidence

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

because the ALJ failed to consider the limitations from these impairments in his RFC assessment. *Id.* at pp. 17-18.   Therefore, Plaintiff submits that remand is warranted.  *Id.*  After a review of the record, I agree.

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  20 C.F.R. §416.1420(a).   The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).   To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition.   *Id.*   An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.   20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d).   If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia, chronic back pain, lumbar degenerative disc disease, generalized anxiety disorder, depressive disorder, and post-traumatic stress disorder.   (ECF No. 8-2, p. 18).   In so doing, the ALJ mentioned other impairments, including migraine headaches, concussion/post-concussive symptoms, and cognitive problems**,** and found them to be non-severe.   (ECF No. 8-2, pp. 118-19).   Typically, at step two when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 - 5   (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).   Rather, the ALJ proceeded beyond step two.   In so doing, an ALJ makes an RFC

determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RFC.

The errors here, taken together, however, are not harmless. First, ALJ incorrectly identified that Plaintiff suffered a concussion in 2017, when, in fact, the records indicate that she suffered the concussion as a result of a motor vehicle accident on October 29, 2016. (ECF No. 15, pp. 16). It was based on this incorrect date that the ALJ found Plaintiff's impairment to be non-severe.

Second, the ALJ stated that Plaintiff's migraine headaches "are stable" with treatment. (ECF No. 8-2, p. 18). In support of this, the ALJ lists a string cite of general exhibits. *Id.* All of the exhibits regarding her headaches, with the exception of the last exhibit (19F) were pre-October 29, 2016, the date of the motor vehicle accident. Exhibit 19F is dated September 15, 2017 and evidences constant increase in headache symptoms since the accident with potential functional limitations. (ECF No. 8-27, pp. 17-29). Thus, the ALJ's statement that Plaintiff's headaches are stable with treatment is not borne out in the record.

Third, as acknowledged by Defendant, the ALJ fails to discuss her left knee problem at all in step two. (ECF No. 8-2, pp. 18-19). Yet, there is evidence of record spanning more than a twelve-month time period regarding Plaintiff's left knee issues. (ECF No. 15, p. 17). To be clear, I am not saying that Plaintiff's left knee problem or any other issue is severe or will change the result in this case. A mere diagnosis does not mean that the impairment is severe or that it results in functional limitations. That is a decision the ALJ must make in the first instance in accordance with the rules and regulations based on all of the evidence.

Finally, at step 5, despite acknowledgement that he must consider all evidence and all symptoms, both severe and non-severe, the ALJ's discussion of Plaintiff's migraine headaches,

5

concussion/post-concussive symptoms, and left knee problem is scant.  (ECF No. 8-2, pp. 21, 22).  *Id.*

Based on all of the above, I am unable to conduct a meaningful review to determine if the ALJ's decision is based on substantial evidence.   Consequently, I find that remand is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. HILE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.  19-271 |
| ) | |
| ANDREW M. SAUL,[3] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 21st day of April, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is granted and Defendant's Motion for Summary Judgment (ECF No. 18) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.